IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSIAH KIMUTAI CHUMBA, )
)
Plaintiff, )
)
v. ) Case No. 20-2513-DDC
)
TIFFANY KIEHL, et al., )
)
Defendants. )

# **ORDER**

The *pro se* plaintiff, a nurse, brings this employment action alleging he was illegally discharged in retaliation for complaining that hospital practices were putting patient safety at risk. He has filed a motion requesting the court appoint him counsel (ECF No. 5). For the reasons discussed below, the motion is denied.

In civil actions, such as this one, there is no constitutional right to appointed counsel.[1] The court is not obligated to appoint counsel in every employment case.[2] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be

---

[1] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand,* 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989)).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

fundamentally unfair.[3]  "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4]  The court also considers the efforts made by the litigant to retain his own counsel.[5]

The court does not find it appropriate to appoint counsel for plaintiff.  First, there is no indication in the record that plaintiff has attempted to find an attorney to represent him.  The court's Pro Se Guide[6] (pages 25-26) suggests possible ways to find an attorney and/or obtain legal advice.   Second, a review of the papers prepared and filed by plaintiff indicates he is capable of presenting his case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants.  The factual and legal issues in the case are not extraordinarily complex.  Plaintiff alleges he was fired after complaining that nursing shortages put patient safety at risk.  The court has no doubt that the district judge assigned

---

[3]*Id.*

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn*, No. 11-2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* factors to a defendant's request for appointment of counsel).

[5]*Lister v. City of Wichita, Kan.,* 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner,* 979 F.2d at 1420)); *Tilmon v. Polo Ralph Lauren Factory Store,* No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

[6]The Pro Se Guide is available on the court's website at: http://ksd.uscourts.gov/index.php/self-represented-litigants/#resources

to this case will have little trouble discerning the applicable law.  It does not appear that this case presents any atypical or complex legal issues.  Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether plaintiff's claims are particularly meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel.  If plaintiff devotes sufficient efforts to presenting his case, the court is certain he can do so adequately without the aid of counsel.  Plaintiff's request for appointment of counsel therefore is denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting the presiding U.S. district judge to review this order.  A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

The clerk is directed to send a copy of this order by regular mail to the *pro se* plaintiff.

IT IS SO ORDERED.

Dated November 12, 2020, at Kansas City, Kansas.

> s/James P. O'Hara
> James P. O'Hara
> U.S. Magistrate Judge

20-2513-DDC-5.docx